UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S1-4:20CR00271AGF (SPM) |
| ) | |
| EARL GANAWAY, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's pretrial motions.  All pretrial motions were referred to United States Magistrate Judge Shirley P. Mensah under 28 U.S.C. § 636(b).  Defendant Earl Ganaway filed a Motion to Suppress Evidence (Doc. No. 73) and two discovery motions (Doc. Nos. 71 and 72)[1] on June 19, 2021, and thereafter filed a Motion to Dismiss Counts 1-4 of the Superseding Indictment on November 29, 2021 (Doc. No. 106).

In Counts 1-4 of the Superseding Indictment, Defendant is charged with one count of knowingly and intentionally possessing with intent to distribute fentanyl and one count of knowingly and intentionally possessing with the intent to distribute cocaine base, both in violation of 21 U.S.C. § 841(b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)A); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),

---

[1] Because Defendant did not object to the Orders entered by the Magistrate Judge denying the discovery motions, the Court will not further address those motions.
`

arising out of an arrest on August 2, 2019.[2]  In Counts 5-7 Defendant is charged with one count of knowingly and intentionally possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)A); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), all alleged to have occurred on July 27, 2020.  (Doc. No. 46).  Defendant was originally charged by indictment with Counts 1-4 on June 10, 2020.  The charges in Counts 5-7 arose in connection with Defendant's arrest on the indictment on July 27, 2020, giving rise to the Superseding Indictment.

Defendant's motion to suppress is directed to Counts 5-7 of the Superseding Indictment.  In his motion to suppress, Defendant asserts that the firearm, suspected narcotics and other evidence seized from his car during his arrest on July 27, 2020, should be suppressed as the fruit of a warrantless search of his car.  Defendant asserts that the firearm and narcotics seized were located in a closed glove compartment, and the officers had no legal basis to search his car or to open the glove compartment.

Defendant does not challenge the legality of his first arrest by state law enforcement officers on or about August 2, 2019.  (Doc. No. 121, at 10).  Rather, Defendant asserts that the Second Amended Protection Act, Mo. Rev. Stat. § 1.410 – 1.485 (the "Missouri Act"), signed into law in the State of Missouri on July 21, 2021,

---

[2] Although Counts 1-4 reference a date of August 2, 2019, it appears from the exhibits and certain statements by the parties in their briefs that the conduct and the initial arrest by state law enforcement actually occurred on July 27, 2019.  *See* Doc. No. 121-1. The Court will use the date listed in the indictment.

2

prohibits the St. Louis Metropolitan Police officers who participated in Ganaway's arrests in 2019 and 2020 from cooperating with federal prosecutors, and that without their cooperation and testimony at trial, the United States will not be able to prosecute its case against Defendant on Counts 1-4.

Judge Mensah held an evidentiary hearing on October 27, 2021, at which Detective Anna Kimble testified and was subject to cross-examination. A supplemental hearing was held on December 1, 2021, at which the Defendant called Detective Matthew Tesreau, to testify. Prior to the supplemental hearing, Defendant filed his motion to dismiss Counts 1-4, and Defendant examined Detective Tesreau regarding matters related to both motions. Detectives Kimble and Tesreau are both officers with the St. Louis Metropolitan Police Department, but were working primarily as members of the U.S. Marshals Fugitive Task Force.

Following the filing of a transcript of the supplemental hearing, the parties submitted post-hearing briefs, and Judge Mensah issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress evidence and motion to dismiss Counts 1-4 of the Indictment be denied, and ordering that Defendant's discovery motions be denied. (Doc. No. 126). Defendant filed Objections to the R&R on April 1, 2022, challenging the R&R only with respect to the motion to suppress and motion to dismiss. (Doc. No. 139). The Government responded to the Objections on April 8, 2022. (Doc. No. 145).

When a party objects to a report and recommendation concerning a dispositive motion in a criminal case, the Court is required to "make a de novo determination of

3

those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress and the motion to dismiss, including review of the transcripts of the hearings[3] and the exhibits. In his Objections with respect to the motion to suppress, Defendant does not object to any particular facts. Rather, he simply objects in general to the fact that Judge Mensah made fact findings that favor the government, and argues that the conclusions of law are inappropriate because he had disputed those facts. Based on a review of the record, the undersigned concludes that the factual findings of the Magistrate Judge are correct and fully supported by the record, and the Court adopts and incorporates the factual findings in the R&R.

The Court also agrees with the legal conclusions of the Magistrate Judge. As set forth more fully in the R&R, the detectives were justified in ordering Defendant out of his car to effect his arrest on the outstanding federal warrant and warrant for parole violation. They also had probable cause to search the car. Defendant did not initially exit his car when ordered to do so, and the detectives could see him moving back and forth toward the passenger side of the car and glove compartment. The detectives were concerned that he had a firearm or was concealing something. When he did exit the car, the Detectives detected the odor of marijuana and observed marijuana in plain view in the

---

[3] Defendant requested a transcript only of the supplemental hearing. The Court reviewed a transcript of the first hearing, and will cause the transcript to be filed in the court record.

4

car.   Detective Tesreau looked inside to make sure there were not others in the vehicle and saw what he believed to be marijuana running from the driver's side door straight across toward the glove compartment.   The glove box was slightly ajar, and it appeared that something was causing it not to close properly.   Detective Tesreau pulled the door to the glove box down just a bit more, and observed what appeared to be the butt of a firearm and narcotics.

Based on these facts, the detectives, who were aware of Defendant's prior criminal history, were justified in searching the vehicle and the glove box and seizing the firearm and the narcotics located in the glove box.   Even if the Court were to accept Defendant's assertion that the glove box was closed, and not ajar – a fact that the Court does not accept – the Court agrees, for the reasons set forth in the R&R, that the detectives would have been justified in searching the glove box under the automobile exception.   *See United States v. Hill*, 386 F.3d 855, 857 (8th Cir. 2004).

Nor does the Court accept Defendant's assertion that this ruling on the motion to suppress somehow deprives Defendant of his presumption of innocence or his right to a jury trial.   The Court is responsible for making evidentiary rulings, including rulings on motions to suppress evidence, and has found no basis for suppression based on the evidence and testimony presented.   The government will still be required to prove each of the elements of the charges in Counts 5-7 beyond a reasonable doubt before a jury. As such, Defendant's motion to suppress will be denied.

For the reasons set forth in the R&R, the Court also agrees that Defendant's motion to dismiss Counts 1-4 should be denied.   Defendant's motion to dismiss is based

5

solely on the adoption of the Missouri Act. Defendant contends that under the terms of the Missouri Act, the two Detectives would be precluded from testifying regarding the events surrounding the July 27, 2020 arrest. As explained by the Magistrate Judge, however, the indictment is legally sufficient on its face and provides notice of the charges. Defendant does not contend otherwise. Defendant's argument that the charges must be dismissed because the officers cannot testify at trial in light of the Missouri Act is essentially a claim that the government will be unable to prove its case.[4] But as the Magistrate Judge correctly found, criminal indictments are not subject to dismissal based on a defendant's assertion that the government will not be able to meet its burden of proof at trial. *See United States v. Ferro*, 252 F.3d 964, 986 (8th Cir. 2001).

Furthermore, serious questions exist regarding the validity of the Missouri Act in light of the Supremacy Clause, *see United States v. Gilliam*, Case No. 19-00266-01-CR-W-RK, 2022 WL 571540, at *2, (W.D. Mo., Feb. 3, 2022), but even the Missouri Act could survive scrutiny under the Supremacy Clause, the Missouri Act appears to be inapplicable to Defendant's case. By its own terms, the Missouri Act applies only "to offenses occurring on or after August 28, 2021." Mo. Rev. Stat. § 1.480(5). The offenses for which Defendant is charged in Counts 1-4 occurred nearly two years before the effective date of the Missouri Act, and nothing in the Missouri Act indicates it is to be applied retroactively. *Gilliam*, 2022 WL 571540, at *3; *see also*, *Hall v. Schneider*,

---

[4] In this regard, the Court notes that both Detectives testified at the evidentiary hearings, notwithstanding the terms of the Missouri Act. Moreover, Defendant does not suggest how the Missouri Act would prevent the Detectives from testifying with respect to the narcotics charges. As such, Defendant has presented no basis to preclude their testimony, nor any basis to dismiss Counts 1 and 2 in any event.

Case No. 4:21-cv-01415-SRC, 2022 WL 1262491, at *3 (E.D. Mo. Apr. 28, 2022); *United States v. Thomas*, Case No. 4:20CR825 RLW (SPM) (Doc. No. 82, at 7-8) (E.D. Mo. Mar. 29, 2022). Although it is unclear whether Defendant intended to expand his motion to dismiss to all of the charges in the Superseding Indictment, the same would be true as to Counts 5-7, as that arrest occurred approximately one year before the effective date of the Missouri Act.

Further, the Missouri Act applies only to the rights of "law-abiding citizens," and defines the term "law-abiding citizen" to mean "a person who is not otherwise precluded under state law from possessing a firearm." Mo. Rev. Stat. § 1.480(a). *See Hall v. Schneider*, 2022 WL 1262491, at *3. Under Missouri law, it is unlawful for any person to knowingly possess a firearm if "[s]uch person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony." Mo. Rev. Stat. § 571.070.1(1). The Pretrial Services Report (Doc. No. 17) and the hearing testimony reflect that Defendant had one or more prior felony convictions under Missouri law, and Defendant has not disputed the fact of these convictions. Further, Missouri law declares "A person commits the offense of unlawful use of weapons . . . if he or she knowingly . . . [p]ossesses a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." Mo. Rev. Stat. § 571.030.1(11). While there is much in the Missouri Act that is unclear, there is nothing to suggest that the Missouri Act abrogates these statutes.[5] Thus, Defendant has not shown he can meet

---

[5] In argument before the Missouri Supreme Court, the Missouri Solicitor General

the definition of a "law-abiding citizen" under the Missouri Act.

For the foregoing reasons, and the reasons set forth more fully in the R&R, the Court, after careful *de novo* consideration, will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Mensah set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 126] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [Doc. No. 73] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts 1-4 of the Indictment [Doc. No. 106] is **DENIED**.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2022.

---

apparently argued that the Missouri Act "was not intended and does not seek to nullify state or federal law. . ." *City of St. Louis v. Sate*, __ S.W.3d __, 2022 WL 1228934, at *8 (Mo. en banc Apr. 26, 2022).