UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S1-4:20CR00271AGF (SPM) |
| | ) | |
| EARL GANAWAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING SECOND REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's Motion to Dismiss for Speedy Trial Act violations.   All pretrial motions were referred to United States Magistrate Judge Shirley P. Mensah under 28 U.S.C. § 636(b).   Before filing the speedy trial motion, Defendant had already been through one round of pretrial motions, and the case was set for trial on April 18, 2022.   But just weeks before the trial date, Defendant's third retained counsel filed a motion to withdraw (Doc. Nos. 130, 133) and a motion to continue the trial date (Doc. No. 138), and the Court scheduled a hearing for April 1, 2022.   The day before the hearing, on March 31, 2022, Defendant filed the instant motion to dismiss for violation of the right to trial under the Speedy Trial Act.   (Doc. No. 134).

At the hearing, Defendant advised that he wished to defer any ruling on the motion to withdraw, but did want to proceed with the instant motion to dismiss.   The Court advised the parties that the motion to dismiss would be re-referred to the Magistrate Judge, who was most familiar with the pretrial proceedings to date.   The Court gave

Defendant two weeks to file a status report advising whether Defendant wished to proceed with the motion to withdraw.   After advising Defendant of his rights under the Speedy Trial Act, the Defendant knowingly, voluntarily and intelligently waived his rights, and the Court granted the motion to continue the trial date with an "ends of justice" finding, advising that the matter would be rescheduled for trial after the conclusion of all pretrial proceedings.   (Doc. No. 140).

On April 28, 2022, Judge Mensah filed her Report and Recommendations related to the Speedy Trial Act (the "Second R&R"), recommending that Defendant's motion be denied.   (Doc. No. 150).   Defendant was granted leave to file objections to the Second R&R out of time.   (Doc. No. 154).   In his objections, Defendant did not object to or even reference any of the Magistrate Judge's findings under the Speedy Trial Act. Rather, Defendant asserted, for the first time, his Sixth Amendment right to a speedy trial, and argues that his speedy trial rights were violated by the fact that the United States did not bring the superseding indictment until nearly nine months after Defendant was originally indicted, and more than seven months after Defendant's arrest on the initial indictment.   The new charges in the superseding indictment arise out of new unlawful conduct that occurred when Defendant was arrested on the initial indictment.   The government responded to Defendant's objections.

When a party objects to a report and recommendation concerning a dispositive motion in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003)

2

(quoting 28 U.S.C. § 636(b)(1)).   The Court conducted a *de novo* review of the motion to dismiss.   The Court finds that the Magistrate Judge accurately described the record below and made proper conclusions of law, and as such, the Court adopts and incorporates the thorough and well-reasoned Second R&R.   For the reasons set forth in the Second R&R, the Court finds no violation of the Speedy Trial Act has occurred.   The Court also overrules Defendant's objections, and finds no violation of Defendant's Sixth Amendment right to a speedy trial.

## BACKGROUND

The Court will not repeat in full the lengthy and difficult pretrial proceedings that occurred prior to March 31, 2022, when Defendant first asserted his speedy trial rights. Those proceedings are detailed in the Second R&R, and will be only summarized here.

In connection with Defendant's motion to dismiss, it is important to note that the charges in the superseding indictment relate to two separate events that occurred approximately one year apart.   With respect to the first event, information in the record reflects that in late July 2019, state law enforcement officers received information that Defendant admitted to receiving a stolen vehicle in payment for a drug transaction. When the state law enforcement officers attempted to perform a traffic stop, Defendant fled.   When apprehended, Defendant, a prior convicted felon, was found to have controlled substances on his person and a firearm in the car.   (Doc. Nos. 17 and 121-1). State charges were filed, and Defendant was released on bond.   On June 10, 2020, a four-count federal indictment was issued with respect to the events in July 2019, charging Defendant with possession with intent to distribute fentanyl and crack cocaine (Counts 1

3

and 2), possession of a firearm in furtherance of drug trafficking (Count 3) and being a felon in possession of a firearm (Count 4).   Defendant was arrested on the federal indictment on July 27, 2020, and had his initial appearance and arraignment on the federal charges on July 28, 2020.   At the time of his arrest on the initial federal indictment, officers found Defendant with a distributable amount of cocaine base and another firearm.

At the arraignment on the indictment, appointed counsel made an oral motion for additional time to review disclosures from the government and to file necessary pretrial motions.   That motion was granted, and a scheduling conference was set for August 5, 2020.   Prior to the scheduling conference, Defendant retained an attorney, Terence Niehoff, who entered on his behalf.   At the scheduling conference, defense counsel requested an extension of 45 days to file pretrial motions or any waiver of motions.   The Court granted the motion, making proper findings under the Speedy Trial Act.   The record reflects that at that time, the government disclosed to Defendant not only discovery related to the events giving rise to the indictment, but also evidence related to the controlled substances and firearm located on Defendant at the time of his arrest on the federal charges.

From that point forward, the case proceeded with the expiration of few if any non-excludable days under the Speedy Trial Act.   Defendant obtained additional time to file pretrial motions several times.   The motion for additional time filed on October 29, 2020, reflected that the government was considering bringing additional charges against Defendant and that the Defendant and the government were in negotiations.   (Doc. No.

4

27).   The motions for additional time filed in December of 2020 reflected that the parties had reached a tentative agreement, but that counsel needed more time to consult with Defendant.   (Doc. Nos. 29 and 33).   In the latter motion, filed on December 28, 2020, counsel represented his belief that a waiver of pretrial motions would be filed within the requested time period.   (Doc. No. 33).   Consistent with that representation, Defendant filed a waiver of pretrial motions, and on January 21, 2021, the Magistrate Judge entered an order stating no report and recommendations would be filed and that the case would be set for trial.   Pursuant to the Administrative Order dated December 15, 2020, the district was not holding any jury trials at that time due to the COVID-19 pandemic, and as such, the Court set the case for trial on May 3, 2021, the earliest date the district believed it would be able safely to schedule the jury trial.   (Doc. No. 37).

In February 2021, just weeks after Defendant filed his waiver of pretrial motions, Defendant advised the Court that he wished to schedule the matter for a change of plea, and on February 17, 2021, the Court scheduled a change of plea hearing for March 12, 2021.   (Doc. No. 38).   The following day, February 18, 2021, a new attorney retained by Defendant entered his appearance, Donnell Smith (Defendant's second retained counsel) and the prior attorney withdrew.   In early March 2021, however, Defendant advised that he no longer wished to enter into a plea, and the Court scheduled the matter for a *Frye* hearing.   (Doc. No. 42).   Prior to the hearing, Defendant wrote a letter to the undersigned in which he expressed dissatisfaction with his prior attorney, Mr. Niehoff; stated that his attorney did not get his permission to file a waiver of motions; and requested a hearing to "discuss everything that went on with me and to discuss everything

5

that I would like to go on beyond this point with this case."   (Doc. No. 45).   That

hearing was scheduled for March 19, 2021.[1]   On March 17, 2021, a superseding

indictment was filed, asserting three new charges for possession with intent to distribute

cocaine base (Count 5), possession of a firearm in furtherance of a drug trafficking crime

(Count 6), and being a felon in possession of a firearm (Count 7), alleged to have

occurred on July 27, 2020.   In light of the superseding indictment, the trial setting was

vacated and the case was re-referred to the Magistrate Judge for any further pretrial

proceedings, including any matters Defendant stated he wanted to raise in his letter to the

Court.

As detailed in the Second R&R, Defendant's actions continued to delay the

proceedings.   On March 24, 2021, just five days after the superseding indictment was

filed, Defendant's new attorney filed a motion to continue the arraignment and to

withdraw as counsel, asserting a breakdown of the attorney-client relationship.   (Doc.

Nos. 50 & 51).   At the arraignment, Defendant requested additional time to file pretrial

motions or a waiver of motions, which was granted.   The Order reflects that Defendant's

counsel had received most, if not all, of the disclosures related to the new charges, but

that Defendant was in the process of obtaining new counsel who would work with him to

determine whether to file pretrial motions.   (Doc. No. 56).   Prior to the hearing on the

motion for leave to withdraw as counsel, scheduled for April 9, 2021, Defendant retained

his third attorney, Rick Nelson, who entered on Defendant's behalf.   That attorney

---

[1] The hearing was first held by videoconference on an earlier date, but was continued to
March 19, 2021, at Defendant's request to hold the hearing in person.

repeatedly requested additional time to file pretrial motions, often missing the deadline and requesting leave to file out of time.   Defendant first filed motions related to the superseding indictment on June 21, 2021, and thereafter requested continuances of the evidentiary hearing.   The evidentiary hearing finally took place on October 27, 2021, with a second hearing scheduled in December to permit a witness requested by Defendant to testify.   In the interim, on November 29, 2021, Defendant filed a motion to dismiss Counts 1-4 of the indictment – the charges asserted in the initial indictment – in which he asserted dismissal was necessary based on a state firearms statute.   (Doc. No. 106).

The Magistrate Judge issued an Order, Report and Recommendation, addressing all motions, in a timely manner (First R&R; Doc. No. 126), and the case was set for trial on April 18, 2022.   Defendant obtained leave to file objections to the R&R out of time, and thereafter matters deteriorated yet again, with Defendant filing a motion to continue the trial date, and defense counsel filing a motion to withdraw as counsel, on March 27, 2022.   Defendant has yet to obtain new counsel.

## **DISCUSSION**

### I.     **No Speedy Trial Act Violation Occurred**

Defendant asserted in his motion that his rights under the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), were violated and that dismissal is required because "[t]he Defendant is more than 15 months outside of the 70 days trial date as required by 18 U.S.C. §3161(c)."   (Doc. No. 134, at 3).   However, for the reasons set forth in the Second R&R, Defendant's motion is not well-taken.   Defendant has failed to take into account the automatic periods of exclusion under the Act, including the many requests for

7

additional time filed by Defendant which were granted with appropriate "ends of justice" findings.   He also failed to take into account the continuances of the trial settings requested by Defendant, and granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). As such, for the reasons set forth in the Second R&R, the Court agrees that few, if any, non-excludable days elapsed under the Act.   For the reasons set forth in the Second R&R, the Court also finds that Defendant's arguments regarding the government's conduct are not supported by the record, and that the Act was not implicated by either the timing of the superseding indictment, the timing of discovery, the timing of Defendant's arraignment, or the timing of the government's responses to Defendant's pretrial motions.

## II.     No Sixth Amendment Violation Occurred

Perhaps recognizing that his arguments under the Act were not well-taken, in his Objections to the Second R&R, Defendant instead asserts for the first time that his Sixth Amendment right to a speedy trial was violated.   (Doc. No. 154).   Specifically, Defendant asserts that his constitutional right to a speedy trial was violated by the fact that the United States did not obtain its superseding indictment until seven months after Defendant's arrest on July 27, 2020, on the initial indictment.   He claims that this seven-month delay in filing the superseding indictment gives rise to a violation, notwithstanding the continuances requested by Defendant.   The Court does not agree.

As an initial matter, the government asserts that Defendant waived his Sixth Amendment argument by not raising it before the Magistrate Judge.   The Court agrees that Defendant's original motion cannot fairly be read to invoke the Sixth Amendment. As a result, the Magistrate Judge did not address the argument in her Second R&R.

8

Although the cases cited by the government do recognize that issues raised for the first time in objections to a report and recommendation are deemed waived, a defendant does not waive his right to a speedy trial under the Act unless he fails to move to dismiss the charges before the start of trial or the entry of a plea.   *United States v. Cooke*, 853 F.3d 464, 474 (8th Cir. 2017).   The Court is unaware of any case law suggesting a defendant waives his Sixth Amendment speedy trial right by not asserting it at the time of his pretrial motions – even a motion asserting similar claims under the Act.   Rather, the timing and extent to which a defendant asserts his Sixth Amendment speedy trial right is a factor for the court to consider in weighing the motion to dismiss.   *See United States v. Oriedo*, 498 F.3d 593, 596-97 (7th Cir. 2007); *United States v. Pennick*, 10-CR-191-A, 2018 WL 3429314, at *6 (W.D.N.Y. Jul. 16, 2018).   As such, the Court finds no waiver, and will address the merits of Defendant's motion.

As Defendant correctly notes, the constitutional right to a speedy trial serves "to (i) prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."   *Barker v. Wingo*, 407 U.S. 514, 532 (1972); *United States v. Ewell*, 383 U.S. 116, 120 (1966).   To determine whether a defendant's Sixth Amendment speedy trial right has been violated, courts weigh four factors, known as the *Barker* factors: "(1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay."   *United States v. Sims*, 847 F.3d 630, 634 (8th Cir. 2017) (quoting *United States v. Aldaco*, 477

9

F.3d 1008, 1019 (8th Cir. 2007)).   In this regard, the Eighth Circuit has noted that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not."   *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (citation omitted).   In the Eighth Circuit, a delay in excess of one year is deemed presumptively prejudicial, triggering inquiry into the remaining *Barker* factors.   *Sims*, 847 F.3d at 634. But with respect to this first factor, courts consider the particular circumstances of each case, and complex cases are assessed differently than non-complex cases.   *Barker*, 407 U.S. at 531.   As the government notes, courts have permitted longer delays than the delay at issue here.   *See, United States v. Summage*, 575 F.3d 864, 870, 876 (8th Cir. 2009) (delay of more than 32 months justifiable).   This case, while not particularly complex and involving only one defendant, is unique because it involves charges related to two separate and unrelated events, the latter of which occurred after the initial indictment.

Moreover, on these facts, the Court believes that the speedy trial clock should be reset to the date of the filing of the superseding indictment.   While a defendant's Sixth Amendment right to a speedy trial is triggered after an arrest, even after an arrest, it applies only to *the charges actually asserted*.   *See United States v. Ayika*, 837 F.3d 460, 465 (5th Cir. 2016) (holding speedy trial clock was not initiated by defendant's initial arrest for drug charges when defendant was later indicted on health care fraud charges); *see also United States v. Wearing*, 837 F.3d 905, 909 (8th Cir. 2016) (where defendant was placed in administrative segregation for possessing a shank in April of 2013, but not indicted for the charge of possession of a prohibited object while an inmate of a prison

until April of 2014, with his first trial setting in May of 2014, the Sixth Amendment speedy trial rights did not attach upon placement in segregation).

Here, Defendant was not initially arrested by the federal government related to the unlawful conduct on July 27, 2020.   At that time, he was arrested and taken into custody only on the initial indictment, which related to the conduct in 2019.   He had his arraignment on the initial indictment.   Notably, prior to March 2020, Defendant does not – and cannot – offer any other conduct by the government contributing to any Sixth Amendment delay apart from the delay in filing the superseding indictment.   Where, as here, Defendant's arrest and custody arose out of earlier, wholly unrelated charges, the Court does not believe that Defendant's Sixth Amendment speedy trial rights attached with respect to the later conduct at the time of the initial arrest, but rather, attached when the superseding indictment was filed on March 17, 2021.[2] *Ayika*, 837 F.3d at 465.   Less than 12 months after the superseding indictment was filed, and after numerous delays caused by Defendant, the Court issued an order on March 1, 2022, setting the trial for April 18, 2022.

The cases cited by Defendant in his Objections are distinguishable.   (Doc 154, at 5).   They all involve situations where the charges in the superseding indictment arose out of the same events or conduct as the initial indictment and arrest.[3]   *United States v.*

---

[2]   As discussed below, by that time, the case had been set for trial but could not have proceeded on the initial indictment because Defendant had just obtained new counsel and had advised the Court that he had not authorized the filing of a waiver and wished to proceed with pretrial motions.

[3]   In *United States v. Milhim*, 702 F.2d 522 (7th Cir. 1983), also cited by Defendant, the new charge of conspiracy to possess counterfeit money arose out of the same events as

*Handa*, 892 F.3d 95 (1st Cir. 2018), cited by Defendant, is instructive.   There the court recognized that "the start date question is not subject to per se rules—e.g., that the date of the original indictment is always the start date, or that it is never the start date when a new indictment adds charges."   *Id.* at 106.   Rather, "the Sixth Amendment inquiry requires careful consideration of all the factual circumstances presented."   *Id.*   In holding that the clock started with the initial arrest, the court found that two types of circumstances, both present in the case before it, affected the determination of the start date for a length-of-delay calculation.

> We hold, on these facts, that the bringing of the additional charge does not reset the Sixth Amendment speedy trial clock to the date of a superseding indictment where (1) the additional charge and the charge for which the defendant was previously accused are based on the same act or transaction, or are connected with or constitute parts of the common scheme or plan previously charged, and (2) the government could have, with diligence, brought the additional charge at the time of the prior accusation.

*Id.* at 106-07.   Here, the additional charges are not based on the same act or transaction as the initial charge, but are wholly unrelated charges: possession of a firearm with drugs in 2019, and possession of a different firearm with drugs a year later.   Further, the government could not, with diligence, have brought the additional charges at the time of the initial indictment, as the events giving rise to the superseding indictment had not yet occurred.   And, for the reasons discussed below, the government had valid reasons for

---

the original counterfeit money charge.   But the superseding indictment also asserted a charge of obstruction for threatening a witness to prevent testimony, the date of which is unclear.

delaying as long as it did.   For these reasons, the Court finds the speedy trial clock should be reset to the date of the superseding indictment.

Even if Defendant's speedy trial rights were deemed to attach upon the arrest on the initial indictment, the Court would still find no violation.   Here, less than 21 months passed from Defendant's arrest and the April 18, 2022, trial date set by the Court. Twenty-one months is not unreasonable given that the superseding indictment arises out of new, unrelated conduct that hadn't yet occurred at the time of the initial indictment. But even if the presumption of prejudice applies based on this 21-month period, the other *Barker* factors do not support a finding of unconstitutional delay.

With respect to the second factor, as between Defendant and the government, it is clear that any delay between the date of Defendant's arrest and his trial date is attributable to Defendant's own conduct, which has included repeated requests for continuances to file motions, repeated requests to continue the trial setting, repeatedly missing deadlines, and repeatedly hiring new defense counsel.   Perhaps the only delay not attributable to Defendant is the delay of the initial trial setting attributable to the COVID-19 pandemic.   The Magistrate Judge concluded pretrial matters following Defendant's waiver of pretrial motions on January 21, 2021, and this Court set the case for trial on May 3, 2021 – a few months later than it would normally be set.   The Court believes that delay was reasonable in light of the COVID-19 pandemic, *see United States v. Olsen*, 21 F.4th 1046, 1047 (9th Cir. 2022), and cannot, in any event, be counted against the government.   But even here, the pandemic was not the cause of any delay. Within weeks, the parties requested that the case be set for a change of plea, and that

13

change of plea hearing was promptly set for March 12, 2021.   But by then, Defendant's relationship with his first retained attorney had deteriorated, that attorney had filed a motion to withdraw, Defendant had retained his second attorney, and Defendant was writing the Court stating he did not authorize the waiver of motions and was requesting a hearing.   Even if the indictment had not been superseded, Defendant's actions with respect to the initial indictment made a prompt trial setting in the spring of 2021 impossible.

Defendant contends that notwithstanding any delays caused by his actions, this seven-month period constituted an unconstitutional delay.   This is not so, both because the government had valid reason for the delay, and because the superseding indictment in fact caused no delay.   Here, the government's delay in filing the superseding indictment was not negligent or improper and was for valid purposes.   The government is entitled to at least some reasonable period of time to investigate new crimes and determine whether to seek charges.   *See United States v. Flores-Lagonas*, 993 F.3d 550, 565-66 (8th Cir. 2021) (recognizing the government had a valid reason for filing a superseding indictment adding new defendants seven months after the defendant was first indicted).   In addition, the government promptly disclosed discovery of the new evidence and attempted to determine whether a resolution of the charges was possible that could alleviate the need for filing new charges.

Even if one assumes that no more than approximately three months of delay was reasonable before bringing the new charges, the remaining four months still cannot reasonably be charged against the government.   The record discloses that for at least the

14

last four months of the seven-month period, the parties were actively engaged in negotiations with respect to a possible plea, which would impact whether any new charges would be brought.  *See United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009) (recognizing time spent on plea negotiations is excludable under the Speedy Trial Act when encompassed by an "ends of justice" finding); *United v. Stackhouse*, 183 F.3d 900, 901-02 (8th Cir. 1999) (per curiam).   Defendant obtained continuances for this purpose and initially indicated the parties had reached an agreement.   It was only in March 2021 that Defendant indicated otherwise.   Without a plea agreement resolving the matters, there was no reason for the government to withhold filing new charges, and such charges were immediately asserted in the superseding indictment.

Second, the seven-month period between the initial arrest and the filing of the superseding indictment simply did not cause any delay in the case.   For the bulk of that time, from July 27, 2020 to January 21, 2021, Defendant had not determined whether to file pretrial motions on the initial indictment.   After January 21, Defendant was requesting continuances to engage in negotiations, until the negotiations fell apart in March.   By then Defendant had advised the Court he had not authorized a waiver of motions and had obtained new counsel.   As such, even without the superseding indictment, the case would have been returned to the Magistrate Judge for the filing of any pretrial motions or at least an assessment of whether Defendant should be allowed to do so.   Indeed, Defendant thereafter filed pretrial motions related not only to the new charges but also related to the charges asserted in the initial indictment.   The motions

15

directed to the charges in the initial indictment and to the new charges were all heard and determined at the same time.   As such, Defendant cannot demonstrate any delay caused by the filing of the superseding indictment.

The third *Barker* factor does not weigh in favor of a violation either.   Although the superseding indictment was filed in March 2021, when the parties' plea negotiations failed, Defendant did not assert his speedy trial rights until a year later, in March 2022. He did not raise any speedy trial assertions when he filed his pretrial motions in June of 2021 (several months after the superseding indictment was filed), nor did he raise it as a basis to dismiss the indictment when he filed an additional motion to dismiss Counts 1-4 on November 29, 2021.   It was only after the Magistrate Judge recommended a denial of Defendant's pretrial motions in the First R&R, and this Court issued a trial date of April 18, 2022, that Defendant first asserted that dismissal was warranted under the Speedy Trial Act.   By then, Defendant's relationship with his third retained attorney had deteriorated, and he was requesting time to retain new counsel.   "[W]hen a defendant requests a speedy trial, but through contrary actions . . . evidences an unwillingness to commence with the trial requested, the request carries minimal weight."   *United States v. Battis*, 589 F.3d 673, 681 (3d Cir. 2009) (internal quotation marks and citations omitted).

Finally, as to the fourth factor, the Court finds no prejudice whatsoever.   Where, as here, the presumptive prejudice does not involve government negligence, a defendant must show actual or specific prejudice.   *Flores-Lagonas*, 993 F.3d at 565.   However, Defendant has made no such showing here.   He has not asserted that any evidence or witness testimony was lost due to any delay or claimed any other specific prejudice.

Indeed, as set forth above, the filing of the superseding indictment did not extend Defendant's time in custody, as he was continuing to engage in proceedings with respect to the charges in the initial indictment throughout this time period.

The fact is that Defendant was in custody related to the initial indictment through March of 2021.   Any delay in bringing the case to trial prior to that time is solely attributable to Defendant's actions.   Following the filing of the superseding indictment, any delays in bringing the case to trial are again attributable almost entirely to Defendant's own actions.   In fact, as the Court issues this Order, the conduct of Defendant or his attorney continue to be the sole cause of delay.   This Court set the case for trial on April 18, 2022.   Defense counsel at that time sought leave to withdraw because he needed surgery and because the relationship with Defendant had deteriorated. At a status hearing on April 1, 2022, the Court granted Defendant and his attorney two weeks to determine whether they wished to proceed with the motion to withdraw.   At the hearing, the Court clearly advised Defendant of his options with respect to retaining counsel as well as his right to have counsel appointed to represent him.   On April 21, 2022, defense counsel filed an untimely response in which he stated that he and Defendant had irreconcilable differences, and that Defendant was requesting three weeks to retain new counsel or seek appointment of counsel.   Thus, the Court entered an Order on April 22, 2022, giving Defendant three weeks, to and including May 12, 2022, to either retain new counsel or file a motion for appointment of counsel.   (Doc. No. 149).[4]

---

[4] Shortly thereafter, the Second R&R was filed related to the Speedy Trial Act.   As such, no outstanding pretrial motions prevented the case from going forward.

However, Defendant did not comply with the May 12 deadline, necessitating yet another status conference on May 20, 2022.   The Court took great pains at that time to clear up any confusion by Defendant as to his obligations and options.   He continued to assert his desire to retain new counsel, and stated his belief he could do so within three more weeks.   The Court therefore entered yet another Order giving Defendant three weeks, to and including June 10, 2002, to retain new counsel or request the appointment of counsel. (Doc. 156).   Once again, Defendant has failed to comply with that deadline, and the Court has scheduled yet another status conference for June 22, 2022 to determine how Defendant wishes to proceed.[5]   Defendant's actions in this case simply belie any desire to proceed to trial on the charges.

## CONCLUSION

For the foregoing reasons, and the reasons set forth more fully in the Second R&R, the Court, after careful *de novo* consideration, will overrule Defendant's Objections, and will deny Defendant's motions to dismiss the case for delay in violation of either the Speedy Trial Act or the Sixth Amendment.

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 150] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

---

[5] Rather than comply with the Court's deadline, on June 16, 2022, Defendant filed a pro se motion, mailed on June 13, 2022, to dismiss the indictment.   While styled as a motion to dismiss pursuant to Federal Rules of Criminal Procedure Rule 48(b), the motion simply restates the same speedy trial grounds already asserted, and relies upon the Sixth Amendment.   *See* Doc. No. 161.

18

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss on speedy trial grounds [Doc. No. 134] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's pro se Motion of Dismissal Pursuant to Federal Rules of Criminal Procedure Rule 48(b) [Doc. No. 161] is **DENIED.**

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2022.